UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK

NOT FOR PUBLICATION

HERMAN CARLEE McMILLIAN,

                          Plaintiff,

- versus -

SUPERINTENDENT PATRICK GRIFFIN;
SUPERINTENDENT CHARLES KELLY;
CORRECTIONAL OFFICER LECONY;
CORRECTIONAL OFFICER TUCKER;
CORRECTIONAL OFFICER SANTANA;
CORRECTIONAL OFFICER ROYCE;
CORRECTIONAL OFFICER BARUSO; JOHN
DOES CORRECTIONAL OFFICERS 1 through
15; ROBERT T. JOHNSON,

                          Defendants.

MEMORANDUM
AND ORDER
13-MC-990

JOHN GLEESON, United States District Judge:

        Herman Carlee McMillian, currently incarcerated at Marcy Correctional Facility, is a frequent litigant in this district.[1] In an order dated May 20, 2005, I barred McMillian from filing any future *in forma pauperis* complaints without first obtaining leave of the court. *See McMillian v. Johnson. et al.*, No. 05-CV-1562, slip op. at 2 (E.D.N.Y. May 20, 2005). On November 8, 2013, McMillian filed a motion for leave to file the instant *in forma pauperis* complaint, which alleges various violations of his constitutional rights pursuant to 42 U.S.C. § 1983. For the reasons explained below, McMillian's request for leave to file is granted in part and denied in part and the action is transferred to the Southern District of New York.

        Much of McMillian's instant complaint reasserts, once again, civil rights violations including false arrest and malicious prosecution arising out of events in 2004 and 2009. *See* Compl., ECF No. 1, at 5. McMillian has made these same allegations in numerous other actions before this

---

[1] McMillian has filed 80 actions in this court.

court. *See*, *e.g.*, *McMillian v. Griffin, et al.*, No. 13-MC-503, slip op. (E.D.N.Y. October 4, 2013). I considered these claims under governing law and concluded that he had not established that he was in imminent danger of serious physical injury at the time he filed that complaint. *See id.* To the extent that the instant complaint and accompanying motions reassert claims relating to McMillian's prosecution and events in 2004 and 2009, I again deny leave to file such claims pursuant to 28 U.S.C. § 1915(g).

McMillian does assert a new claim, however: that he was attacked on August 9, 2013,[2] by various corrections officers at the Sullivan Correctional Facility.[3] *See* Compl., ECF No. 1, at 4-5. McMillian alleges that 15 corrections officers assaulted him and that he suffered injuries to his leg, hand, and head. *Id.* 5. He states that he wrote to the Superintendent about the incident but that "nothing happened." *Id.* 2. McMillian demands $777 trillion in damages, plus costs and fees. McMillian's motion for leave to file a complaint relating to this alleged incident is granted.

Pursuant to the venue provision governing federal question jurisdiction, this action may only be filed in:

> (1) a judicial district in which any defendant resides, if all defendants are residents of the State in which the district is located; (2) a judicial district in which a substantial part of the events or omissions giving rise to the claim occurred, or a substantial part of property that is the subject of the action is situated; or (3) if there is no district in which an action may otherwise be brought as provided in this section, any judicial district in which any defendant is subject to the court's personal jurisdiction with respect to such action.

28 U.S.C. § 1391(b). Since it seems that the events giving rise to this claim occurred in Sullivan Correctional Facility, which is located in the Southern District of New York, 28 U.S.C. § 112(b), this district is an inappropriate venue for this action. *See* 28 U.S.C. § 1391(b). As the Southern

---

[2] The complaint states that the alleged attack occurred "[o]n the 9 day of August on a Friday." Compl., ECF No. 1, at 4. Because August 9, 2013, was a Friday, I assume that is the date that the alleged attack occurred.

[3] McMillian does not state specifically where this alleged incident occurred, but it appears that it transpired while McMillian was confined at the Sullivan Correctional Facility.

District is the more appropriate venue, the case is hereby transferred to the United States District Court for the Southern District of New York.  *See* 28 U.S.C. § 1406(a).

The Clerk of this Court is directed to transfer the case to the United States District Court for the Southern District of New York.  A ruling on McMillian's application to proceed *in forma pauperis* is reserved for the transferee Court.  The provision of Rule 83.1 of the Local Rules of the Eastern District of New York that requires a seven-day delay is waived.

So ordered.


John Gleeson, U.S.D.J.


Dated: February 7, 2014
       Brooklyn, New York